I am faced with a dilemma. Should I adhere to the doctrine of stare decisis, knowing that the precedent upon which I rely (Tatum v. Schering Corp., 523 So.2d 1042, 1049-63 (Ala. 1988)) was wrongly decided? To follow it would be to deny the plaintiff Melvin Jefferson a remedy. Or should I follow the law as I believe it to be, although what I believe the law to be is contrary to the opinion of the majority? To follow what I believe the law to be would afford Melvin Jefferson, as personal representative of the estate of Alberta K. Jefferson, deceased, a remedy through his action under 42 U.S.C. § 1983. If a constitutional doctrine was involved, I would follow Justice Scalia's dissent in BMW of North America, Inc. v. Gore, ___ U.S. ___, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), as I did in Ex parte Knotts, [Ms. 1950239, July 12, 1996], ___ So.2d ___ (Ala. 1996) (Houston, J., concurring in the result). In this case, no constitutional issue is involved; however, I am convinced that this Court has erroneously interpreted Ala. Code 1975, § 6-5-410 (to hold that only punitive damages can be recovered in wrongful death cases), and I cannot expand this erroneous interpretation of § 6-6-410 to § 1983 actions and deprive Melvin Jefferson (or other plaintiffs similarly situated) of a right to a remedy, which after much research and analysis, I wholeheartedly believe that he and those similarly situated have. Tatum v. Schering Corp., supra (Houston, J., dissenting). Therefore, I respectfully dissent.